# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SHAWNA STOOPS** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:17-cv-1674** |
| | § | |
| **UNITED PARCEL SERVICE, INC.** | § | |
| **Defendant** | § | |

## INDEX OF DOCUMENTS IN SUPPORT OF REMOVAL PETITION

Copy of Docket Sheet in State Court Action...................... **2**

Plaintiff's Original Petition (filed 05/25/17)........................ **4**

Executed Citation (filed 06/23/17)................................ **14**

Defendant United Parcel Service, Inc.'s
Original Answer and Jury Demand (filed 6/26/17).................. **18**

## EXHIBIT "A"

## Case Information

CC-17-02764-C | SHAWNA STOOPS vs. UNITED PARCEL SERVICE, INC.

| Case Number | Court | File Date |
|---|---|---|
| CC-17-02764-C | County Court at Law No. 3 | 05/25/2017 |
| Case Type | Case Status | |
| DAMAGES (COLLISION) | OPEN | |

## Party

PLAINTIFF
STOOPS, SHAWNA

Address
3204 SAGE STONE
#5312
FORT WORTH TX 76116

Active Attorneys ▾
Lead Attorney
MCKEY, JEREMY W
Retained

Work Phone
214-855-8788

Fax Phone
888-638-1552

DEFENDANT
UNITED PARCEL SERVICE, INC.

Address
SERVE REGISTERED AGENT CORPORATION SE
211 EAST 7TH STREET
AUSTIN TX 78701

## Events and Hearings

05/25/2017 NEW CASE FILED (OCA)

05/25/2017 ORIGINAL PETITION ▾

PLAINTIFF S ORIGINAL PETITION AND WRITTEN DISCOVERY

Comment
PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY

05/25/2017 ISSUE CITATION ▾

ISSUE CITATION

Comment
ATTORNEY CELL FILE CV-4002-01-Y PETITION WITH CITATION PLAINTIFF ...

---

05/30/2017 CITATION (SERVICE) ▾

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
CERTIFIED MAIL

Returned
06/23/2017

---

06/23/2017 RETURN OF SERVICE ▾

RETURN OF SERVICE

Comment
CITATION SERVED ON 06/05/2017 AT 6:52 AM

---

## Financial

STOOPS, SHAWNA
|  |  |  |
| --- | --- | --- |
| Total Financial Assessment |  | $276.00 |
| Total Payments and Credits |  | $276.00 |
| 5/25/2017 | Transaction Assessment | $276.00 |
| 5/25/2017 | CREDIT CARD - TEXFILE (CC)   Receipt # CV-2017-06801   STOOPS, SHAWNA | ($276.00) |

---

## Documents

PLAINTIFF S ORIGINAL PETITION AND WRITTEN DISCOVERY

ISSUE CITATION

RETURN OF SERVICE

FILED
5/25/2017 1:44:20 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Cause No. CC-17-02764-C _____

| | | |
|---|---|---|
| SHAWNA STOOPS, | § | IN THE COUNTY COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | AT LAW |
| | § | |
| UNITED PARCEL SERVICE, INC. | § | |
|     Defendant. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF' ORIGINAL PETITION
## AND WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

      SHAWNA STOOPS (hereinafter "Plaintiff") brings this suit for relief against show UNITED

PARCEL SERVICE, INC. (hereinafter "Defendant") and would show the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

    1.    Plaintiff intends to conduct discovery according to Discovery Level 2 because the

aggregate amount of damages sought exceeds $50,000. However, Plaintiff seeks only monetary relief

of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest,

and attorney's fees. Written discovery requests to Defendant are set forth below. Responses to

discovery requests are due **fifty (50) days** from the date Defendant is served with this petition.

### PARTIES AND SERVICE

    2.    Plaintiff SHAWNA STOOPS is an individual residing at 3204 Sage Stone #5312, Fort

Worth, Texas 76116.

3.     Defendant is a corporation authorized to do business in Texas and may be served with process on its registered agent:  Corporation Service Company d/b/a CSC – Lawyers, INCO, 211 East 7th Street, Austin, Texas 78701.

## JURISDICTION AND VENUE

4.     The subject matter in controversy is within the jurisdictional limits of this court.

5.     This court has personal jurisdiction over the Defendant because Defendant is a resident of and/or regularly conducts business in the State of Texas. Additionally, the court has personal jurisdiction over the Defendant pursuant to Section 17.042(2) of the Texas Civil Practices and Remedies Code because Defendant committed a tort in the State of the Texas.

6.     Venue is proper under Section 15.002(a)(1) of the Texas Civil Practices and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Tarrant County, Texas.

## FACTS

7.     On or about August 17, 2016, Plaintiff was injured in a car accident that occurred in Tarrant County, Texas.

8.     Plaintiff was operating a vehicle in the far left northbound lane of IH-35 when the vehicle being operated by Defendant's employee, which was also traveling northbound but in the middle lane slightly ahead of Plaintiff, attempted to merge by entering into Plaintiff's lane and collided with Plaintiff's vehicle then continued without stopping.

9.     As a result of the accident, Plaintiff suffered injury, which prompted the institution of this lawsuit.

## NEGLIGENCE, NEGLIGENCE PER SE AND
## RESPONDEAT SUPERIOR

10.     At all time relevant, the driver of the vehicle, a clearly marked UPS delivery truck, that struck Plaintiff was acting in the course and scope of his employment with Defendant. Therefore, Defendant is liable to Plaintiff under the doctrine of *Respondeat Superior*.

11.     Defendant's employee had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under similar circumstances.

12.     Defendant's employee negligently, carelessly or recklessly disregarded said duty, which proximately caused each Plaintiff's injuries.

13.     Defendant's employee's negligent, careless or reckless disregard of duty includes, but is not limited to, the following acts or omissions:

    a.    Failure to keep a proper lookout and speed as an ordinary prudent person under similar circumstances;

    b.    Failure to adequately pay attention to surrounding circumstances;

    c.    Failure to obey traffic signals;

    d.    Failure to timely apply brakes;

    e.    Failure to maintain a safe and adequate distance;

    f.    Failure to take adequate evasive action;

14.     Defendant's employee violated Section 545.060 of the Texas Transportation Code, which criminally penalizes the type of activity in which Defendant's employee engaged and is designed to protect against the type of injury Plaintiff sustained.

## DAMAGES

22.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered injuries and incurred the following damages:

a.     Reasonable, usual and customary medical expenses in the past incurred by each

Plaintiff for the necessary care and treatment of injuries resulting from the accident

made the basis of this lawsuit;

b.     Reasonable, usual and customary medical expenses in the future incurred by

each Plaintiff for the necessary care and treatment of injuries resulting from the accident

made the basis of this lawsuit;

c.     Physical pain and suffering in the past;

d.     Physical pain and suffering that in reasonable probability will be sustained in the

future;

e.     Physical impairment in the past;

f.     Physical impairment that in reasonable probability will be sustained in the

future;

g.     Mental anguish that in reasonable probability will be sustained in the future;

h.     Loss of wages in the past;

i.     Loss of wages that in reasonable probability will be sustained in the future.

## REQUEST FOR DISCLOSURE

23.     Plaintiff requests Defendant disclose within 50 days of service of process the

information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## REQUEST FOR PRODUCTION

24.     Plaintiff requests that Defendant, Defendant's attorneys, and Defendant's insurance

carriers, preserve all documents and evidence related to this car wreck, including all photographs,

estimates and statements taken in connection with Defendant and Defendant's insurance carrier's

investigation of this wreck.

25.     Pursuant to Texas Rule of Civil Procedure 196, Plaintiff demands that Defendant respond and produce within fifty (50) days of service of this petition all documents related to the wreck that are in the care, control or possession of Defendant, Defendant's attorneys, and Defendant's insurance carrier including, but not limited to the following documents:

    a.    All photographs (produce color photos) of the vehicles involved in this wreck;

    b.    All property damage and/or repair estimates of the vehicles involved in this wreck;

    c.    If the vehicles were totaled, all documents used or relied upon in making or accessing the value of the vehicle(s) that were declared total losses;

    d.    All recorded statements taken in connection with the investigation of this wreck (Plaintiff requests an actual audio or video copy of the statement);

    e.    A copy of the title to Defendant's vehicle that was involved in the motor vehicle wreck made the basis of this suit;

    f.    A copy of the title to Defendant's vehicle;

    g.    A copy of Defendant's driver's license;

    h.    All documents related to any investigation generated by a police, sheriff, highway patrol or any other governmental body that is in the care, custody or control of Defendant, Defendant' attorney or Defendant' insurance carrier.  This is a simple request for a copy of the police report or police incident report that is in Defendant' possession or control;

    i.    All documents that Defendant intends to offer at trial in support of any claim or contention in this matter;

j.     All receipts/invoices are documents illustrating what Defendant had to eat or drink (including alcoholic beverages) on the date of the incident made the basis of this lawsuit;

k.     All documents illustrating where Defendant had been on the date of the collision;

l.     All documents that the Defendant have regarding the motor vehicle wreck that forms the basis of this suit;

m.     Any documents or evidence of conviction of any party to this lawsuit pursuant to Texas Rule of Evidence 609(f);

n.     All phone, text, and data usage records from Defendant's cell phone, or any other cell phone in Defendant's possession, even if provided to Defendant by an employer, friend or family member, for the entirety of the date of the accident made the basis of this lawsuit.

## **INTERROGATORIES**

26.     Pursuant to Texas Rule of Civil Procedure 197, demand is now made for Defendant to respond to the undersigned counsel within fifty (50) days of service of this petition with written answers to the following interrogatories:

a.     Please state the full name, address, telephone number, date of birth, driver's license number, social security number, and occupation of the person answering these interrogatories.

b.     State whether you were acting within the course and scope of any employment, service or agency at the time of the collision, and describe the relationship of the persons involved.

c.      State the Style, Court and Cause number of any lawsuit to which you have been a party and the state final disposition of said suit.

d.      Do you, your attorneys or investigators or anyone acting on your behalf, have any maps, charts, diagrams, photographs, videos, motion pictures, and/or recordings taken of the scene of this incident, or of any of the physical or mechanical objects, or of the person involved in this incident?  If yes, then please indicate your willingness to allow the Plaintiff' counsel in this lawsuit to inspect and copy or photograph the same.

e.      Do you contend that any personal injuries or damages sustained by any Plaintiff in this suit were caused by an occurrence other than this accident, such as a disease or physical condition, either before or after the incidents made the basis of this case?  If so, describe in detail such other occurrence, disease, injury or condition.

f.      If you obtained any medical attention as a result of any injuries you sustained in this wreck, please state the name of the medical provider(s) who treated you, the type of medical treatment you received (i.e., physical therapy, MRIs, etc.), the timeframe for which you obtained medical treatment and list the body parts that you injured as a result of this motor vehicle wreck.

g.      Do you contend that any Plaintiff in this suit violated any traffic laws at the time or immediately prior to the collision?  If so, describe what you contend to be the violation or give the statute number of the violation.

h.      If you contend that the collision in question was an "unavoidable accident," describe in detail what you believe to be the cause of the accident, to the exclusion of the conduct of the Plaintiff or you.

i.      If you contend that someone else's conduct or something else is the "sole

proximate cause" of the accident in question, describe in detail the identity of that

person, or what exactly caused the collision.

j.      Please describe how the accident occurred, including the directions of travel, the

speed of the respective vehicles.

k.      Who gave you permission to operate the vehicle that you were traveling in when

this wreck occurred?

l.      When did you first receive permission to operate the vehicle that you drove

when this accident occurred?

m.     How often did you operate the vehicle you drove when this accident occurred?

## REQUEST FOR ADMISSIONS

27.     Pursuant to Texas Rule of Civil Procedure 198, demand is now made upon Defendant to

respond to the undersigned counsel within fifty (50) days of service of this petition with written

responses to the following Request for Admissions:

a.      Admit that you have been properly named in the above entitled and numbered

cause.

b.      Admit that you have been properly served with citation in the above entitled and

numbered cause.

c.      Admit that the collision made the basis of this suit was not the result of a sudden

emergency.

d.      Admit that the collision made the basis of this suit did not result from an

unavoidable accident.

e.    Admit that there was no non-human event or condition that contributed to the collision made the basis of this suit.

f.    Admit that there was no non-human event or condition that was the sole cause of the collision made the basis of this suit.

g.    Admit that the collision made the basis of this suit was proximately caused, at least in part, by your negligence.

h.    Admit that your negligence was the sole cause of the collision made the basis of this lawsuit.

i.    Admit that you failed to exercise ordinary care in the operation of your motor vehicle in the collision made the basis of this lawsuit.

j.    Admit that collision made the basis of this suit did not occur because of the negligence of the Plaintiff.

k.    Admit that that Plaintiff did not fail to act as persons of ordinary prudence would have done under the same or similar circumstances in the collision made the basis of this suit.

l.    Admit that you owned the vehicle that struck Plaintiff.

m.    Admit that the driver of the vehicle that struck Plaintiff was acting in the course and scope of his or her employment with you.

n.    Admit that you accept full responsibility for the collision made the basis of this suit.

## NOTICE PURSUANT TO TRCP 193.7

28.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Counsel for Plaintiff intends to use Defendant's discovery responses and any documents produced in discovery in the trial of this cause of action and/or any hearings before the Court herein.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF JEREMY W. MCKEY, PLLC

Jeremy W. McKey, Esq.
State Bar No. 24053353
2695 Villa Creek Dr., Ste#207
Dallas, Texas 75234
214-855-8788 – Telephone
888-638-1552 – Facsimile
eservicejmckeylawfirm@gmail.com

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEY**

**CITATION**
PLAINTIFF'S ORIGINAL PETITION
AND WRITTEN DISCOVERY

**CC-17-02764-C**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 3
Dallas County, Texas

SHAWNA STOOPS, *Plaintiff(s)*

VS.

UNITED PARCEL SERVICE, INC.,
*Defendant(s)*

**SERVE:**
UNITED PARCEL SERVICE, INC.
SERVE REGISTERED AGENT
CORPORATION SERVICE COMPANY
D/B/A CSC-LAWYERS, INCO
211 EAST 7TH STREET
AUSTIN, TX 78701

**ISSUED THIS**
**30TH DAY OF MAY, 2017**

JOHN F. WARREN, COUNTY CLERK
BY: ASHLEY SMITH, DEPUTY

Attorney for Plaintiff
JEREMY W MCKEY
THE LAW OFFICES OF JEREMY W
MCKEY
2695 VILLA CREEK DR STE #207
DALLAS, TX 75234

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

**THE STATE OF TEXAS**
**CITATION**
CAUSE NO. CC-17-02764-C
COUNTY COURT AT LAW NO.3
Dallas County, Texas

FILED
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY, TEXAS

2017 JUN 23   PM 12: 27

TO:

UNITED PARCEL SERVICE, INC.
SERVE REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A
CSC-LAWYERS, INCO
211 EAST 7TH STREET
AUSTIN, TX 78701

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY, a default judgment may be taken against you." Your answer should be addressed to the Clerk of County Court at Law No. 3 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

SHAWNA STOOPS
*Plaintiff(s)*

VS.

UNITED PARCEL SERVICE, INC.
*Defendant(s)*

filed in said Court on the 25th day of May, 2017a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN,** Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 30th day of May, 2017 A.D.

JOHN F. WARREN, Dallas County Clerk

By_____, Deputy
Ashley Smith



**OFFICER'S RETURN**

CC-17-02764-C  County Court at Law No. 3

SHAWNA STOOPS vs. UNITED PARCEL SERVICE, INC.

**ADDRESS FOR SERVICE:**
SERVE REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS, INCO
211 EAST 7TH STREET
AUSTIN, TX 78701

**Fees:**
Came to hand on the _1st_ day of _June_, 20_17_, at _1:00_ o'clock _P_.m., and executed in _Dallas_ County, Texas by delivering to UNITED PARCEL SERVICE, INC. SERVE REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS, INCO in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY with the date and service at the following times and places to-wit:

| Name _United Parcel Service Inc._ | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| R/S Reg Agent _6/5/17 6:55am_ | | _311 E. 7thSt. #620, Austin, TX 78701_ |
| Corporation Service Company | | |
| by CMRR # 7016 3010 0000 5171 5739 | | |

And not executed as to the defendant(s),

The diligence used in finding said defendant(s) being:

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

Serving Petition and Copy     $ _____

Total     $ _75_

_Heather Bork_, Officer
_Dallas_ County, Texas

By: _Heather Bork_, Deputy
SOH #8133  Exp 2/28/20   , Affiant

SWORN TO AND SUBSCRIBED BEFORE ME
ON THIS 22 DAY OF _June_ 20_17_

X _____

SEAN C. HOLLENBECK
Notary Public, State of Texas
Comm. Expires 03-02-2021
Notary ID 125212991





First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

6/5
6:52am

USPS TRACKING #

9590 9402 2757 6353 2175 34

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

LEGAL DOCUMENT MANAGEMENT
6930 LBJ FREEWAY #330
DALLAS, TX 75240

## CAUSE NO. CC-17-02764-C

| | | |
|---|---|---|
| SHAWNA STOOPS | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| VS. | § | AT LAW NO. 3 |
| | § | |
| | § | |
| UNITED PARCEL SERVICE, INC. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT UNITED PARCEL SERVICE, INC.'S
## ORIGINAL ANSWER WITH JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant United Parcel Service, Inc. ("Defendant") files their Original Answer and would show:

### I. General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all material allegations contained in Plaintiff's Original Petition, and demands that Plaintiff meet her burden of proving all elements of all causes of action asserted against Defendant.

### II. Jury Demand

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant United Parcel Service, Inc. demands a jury trial.

Defendant United Parcel Service, Inc. requests that Plaintiff recover nothing from said Defendant, and further request that Defendant recover all taxable court costs expended.

Respectfully submitted,

**PAYNE & BLANCHARD, L.L.P.**

*/s/ Samuel J. Polak*
_____

**Samuel J. Polak**
State Bar No. 00788210
**James S. Frederick**
State Bar No. 24066757

717 N. Harwood Street, Suite 3350
Dallas, Texas 75201
Telephone:    (214) 231-3250
Facsimile:    (214) 220-0439
spolak@pandblaw.com
jfrederick@pandblaw.com

*Attorneys for Defendant*
*United Parcel Service, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on **June 26, 2017,** a true and correct copy of the foregoing document was served upon the following known counsel of record in the above-captioned cause, pursuant to Tex.R.Civ.P. 21a, by filing through the certified electronic service provider, eFile.TxCourts.gov:

Jeremy W. McKey                                        eservicejmckeylawfirm@gmail.com
The Law Offices of Jeremy M. McKey, PLLC
2695 Villa Creek Dr., Ste. #207
Dallas, Texas 75234

*/s/ Samuel J. Polak*
_____

**Samuel J. Polak**